Maurice Anthony GASTON,
Petitioner—Appellant,

v.

Mitch MORROW, Superintendent, Oregon State Correctional Institution, Respondent—Appellee.

No. 01–35707.

D.C. No. CV–99–00127–AJB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 6, 2002.

Decided June 3, 2002.

Before TROTT, T.G. NELSON, Circuit Judges, and SHADUR,* District Judge.

## MEMORANDUM **

Maurice Gaston ("Gaston") was convicted of murder and now appeals the denial of his habeas corpus petition which alleged insufficiency of the evidence and *Griffin* error. Because a reasonable jury could conclude that Gaston possessed the requisite intent to kill, and the prosecutor's comments during closing argument did not violate Gaston's Fifth Amendment privilege against self-incrimination, we affirm the district court's decision.

The facts and procedural history are familiar to the parties and need no recitation.

## DISCUSSION

1. Sufficient Evidence Was Presented for a Reasonable Jury To Find Intent To Kill.

On review of a habeas claim based on insufficient evidence, "[t]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). When the record supports conflicting inferences, we must

---

* The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

presume the jury resolved the conflicts in favor of the prosecution. *Id.* at 326, 99 S.Ct. 2781.

 Although there was testimony that Michael Foster ("Foster") referred to the shooting as an accident and that the cars collided seconds before the fatal shot was fired, a reasonable jury could have concluded Gaston intentionally killed Darryl Glass ("Glass"). Cameron Ruff's testimony negated the defense's accidental shooting theory. He testified that the cars bumped and *then* the gun came out of the passenger side window and shot Glass. In addition, a passenger in Glass's car testified that the gun was pointed at Glass, and Foster testified that after Gaston pulled the trigger, Gaston prompted Foster to speed away from the scene. This testimony provided ample evidence for a reasonable jury to determine that Gaston intentionally killed Glass.

2. There Was No *Griffin* Error.

The Fifth Amendment forbids the State or the court from commenting on a defendant's decision not to testify. *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). An indirect comment that "is manifestly intended to call attention to the defendant's failure to testify, or is of such a character that the jury would naturally and necessarily take it to be a comment on the failure to testify" is equally impermissible. *Lincoln v. Sunn,* 807 F.2d 805, 809 (9th Cir.1987). Here, the prosecutor's closing arguments, although overdone and not wise, did not amount to a comment on Gaston's decision not to testify. *See United States v. Gray,* 876 F.2d 1411, 1416–17 (9th Cir.1989) (finding that a prosecutor's attempt to explain the burden of proof did not manifestly call attention to defendant's silence). The prosecutor was explaining the State's burden of proof on all of the elements and the reason the State did not need to prove motive to the jury.

Even assuming the prosecutor's statements were improper, there was no substantial and injurious effect on the jury. *See Brecht v. Abrahamson,* 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (determining that trial errors are subject to limited review on a collateral appeal and the petitioner must demonstrate the error "had a substantial and injurious effect or influence in determining the jury's verdict" and resulted in actual prejudice). Here, there was ample evidence to support the jury's verdict without the prosecutor's comments. Moreover, the district judge properly instructed the jury that Gaston had an absolute right not to testify and that no inference of guilt should be drawn from his decision not to testify; the jury is presumed to follow the trial judge's instructions. *See Richardson v. Marsh,* 481 U.S. 200, 211, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987).

AFFIRMED.